# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWN FAGAN | CIVIL ACTION |
| VERSUS | NO. 19-12451 |
| JAMES THOMAS, ET AL. | SECTION "L" (2) |

## ORDER & REASONS

Before the Court is Plaintiff's motion to remand. R. Doc. 8. Defendants oppose the motion. R. Doc. 10. Oral argument was heard on November 21, 2019. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

### I. BACKGROUND

This case arises out of a personal injury sustained by Plaintiff Shawn Fagan. Plaintiff alleges that on December 24, 2018, while acting in the course and scope of his employment, he assisted in the loading of an eighteen-wheeler truck owned by Defendant Decker Truck Lines, Inc. ("Decker"). R. Doc. 1-4 at 2. Plaintiff contends that he was driving a pallet jack from the back of the trailer to the loading dock when the driver of the truck, James Thomas, pulled the truck out of the loading dock, causing Plaintiff to "fall several feet into the loading bay below and the palatte [sic] jack to fall on top of him." R. Doc. 1-4 at 2. Plaintiff avers he sustained serious personal injuries, including cervical and lumbar sprains, and is full disabled as a result. R. Doc. 1-4 at 2, 3.

Plaintiff filed suit in the Fortieth Judicial District Court for the Parish of St. John the Baptist against Defendants James Tomas, Decker, an unknown insurance company, and United Fire & Indemnity Company and/or United Fire & Casualty Company, seeking damages for past, present,

and future medical expenses, lost wages and opportunity costs, pain and suffering, and emotional distress. R. Doc. 1-4 at 1.

Defendants Thomas, Decker, and United States Fire Insurance Company timely removed the action to federal court, explaining that diversity jurisdiction exists under 13 U.S.C. § 1332 because the parties are completely diverse and because the amount in controversy exceeds $75,000. R. Doc. 1 at 3. In the notice of removal, Defendants note that United States Fire Insurance Company was improperly designated in Plaintiff's petition as "United Fire & Indemnity Company and/or United Fire & Casualty Company." R. Doc. 1 at 1. Defendants jointly answered, generally denying Plaintiff's allegations and raising a number of affirmative defenses, including contributory negligence, failure to mitigate damages, and failure to state a claim. R. Doc. 5 at 3. Although they were served, named Defendants United Fire & Indemnity Company and United Fire & Casualty Company have not appeared in this proceeding.

## II. PENDING MOTION

Pending before the Court is Plaintiff's motion to remand. R. Doc. 8. Plaintiff contends that removal was improper because the notice of removal was joined by United States Fire Insurance Company, not United Fire & Indemnity Company. R. Doc. 8-1 at 3. Plaintiff contends that United States Fire Insurance Company is not a party to the suit, and that United Fire & Indemnity Company has failed to consent to removal in a timely manner. R. Doc. 8-1 at 3. Plaintiff disputes Defendants' argument that United States Fire Insurance Company was improperly designated as United Fire & Indemnity Company and argues that "[w]ithout an intervention, United States Fire Insurance Company cannot insinuate itself into this suit." R. Doc. 8-1 at 2-3. Accordingly, Plaintiff contends that United States Fire Insurance Company's consent to removal cannot be imputed to United Fire & Indemnity Company. R. Doc. 8-1 at 4. Because not all

2

defendants have joined the removal, Plaintiff argues, the removal was procedurally improper, and the case must be remanded. R. Doc. 8-1 at 4.

Defendants oppose the motion, arguing that because United Fire & Indemnity Company and United Fire & Casualty Company are improperly named as defendants in this suit, they "should be ignored for the purpose of removal, and remand should be denied." R. Doc. 10 at 2. In support, Defendants explain that "[n]o purpose could be served by seeking consent to removal from parties who were improperly identified and who have no connection to the case except for Plaintiff's mistake in naming them." R. Doc. 10 at 2. Defendants urge the Court to deny the motion to remand, or alternatively to allow Defendants leave to withdraw the notice of removal until United States Fire Insurance Company has been properly named as a defendant and served in this matter. R. Doc. 10 at 3.

### III. LAW & ANALYSIS

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the issue. 28 U.S.C. § 1441(a). A federal court has original jurisdiction over cases involving complete diversity of citizenship among the parties where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The removing party bears the burden of proving that a district court has jurisdiction over a matter. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Because removal jurisdiction "raises significant federalism concerns," *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988), it is strictly construed and doubts regarding removal jurisdiction should be resolved against federal jurisdiction, *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Generally, removal is effectuated by the filing of a notice of removal with the federal district court within thirty days of a defendant's receipt of the pleading or other papers that make

3

it apparent that the case is removable. U.S.C. §§ 1446(b)(1), (3). The removal statute provides that "all defendants who have been properly joined and served must join in or consent to the removal." U.S.C. § 1446(b)(2). However, the Fifth Circuit has held that in cases involving allegations of improper joinder of parties, "application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists." *Jernigan*, 989 F.2d at 815.

Only defendants have the power to remove cases to federal court. "A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings." *De Jongh v. State Farm Lloyds, Inc.*, 555 F. Appx. 435, 437 (5th Cir. 2014) (citing *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571 (5th Cir. 2006)). Curiously absent from either party's briefs are citations to instructive Fifth Circuit cases discussing the contours of this rule, such as *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571 (5th Cir. 2006), and *De Jongh v. State Farm Lloyds, Inc.*, 555 F. Appx. 435 (5th Cir. 2014).

Both *De Jongh* and *Salazar* discuss the propriety of removal actions instituted by third parties claiming to be parties in interest despite not being named in plaintiffs' complaints. *Salazar* involved a breach of contract claim in which plaintiff, a Texas citizen, sued his insurer, Allstate Texas, but not Allstate Texas Lloyd's Company, the entity responsible for underwriting his policy. 455 F.3d at 572. Arguing that Allstate Texas Lloyd's Company was the proper defendant, Allstate Texas removed to federal court citing diversity jurisdiction and sought to have Allstate Texas Lloyd's Company substituted in its place. *Id.* The district court granted the motion to remand, holding that a district court may not "create removal jurisdiction based on diversity by substituting parties." *Id.* at 573. Critically in *Salazar*, both the plaintiff and Allstate Texas, the named defendant, were citizens of Texas, and the Fifth Circuit therefore concluded that the substitution

of the diverse defendant for the nondiverse defendant involved the impermissible creation of subject matter jurisdiction where none existed based on the plaintiff's complaint. *Id.* at 575.

Similarly, in *De Jongh*, a Texas citizen filed suit against State Farm Lloyd's, Inc, another Texas entity. 555 F. App'x at 436. A diverse third party, State Farm Lloyds (as opposed to State Farm Lloyd's, Inc.) answered, alleging that it had been incorrectly named as State Farm Lloyds, Inc. in the complaint. *Id.* State Farm Lloyds thereafter removed the case to federal court on the basis of diversity jurisdiction. *Id.* The plaintiff refused to stipulate that she had mistakenly named the wrong party, and the court found that "State Farm never properly became a defendant and therefore lacked the authority to remove this action to federal court; moreover, the district court lacked subject matter jurisdiction because of the proper parties in this action . . . are Texas residents." *Id.* at 438-39.

The district courts within this circuit are divided as to the extent of the *Salazar* and *De Jongh* holdings. Certain courts have interpreted these cases as imposing a complete bar on removals instituted by any party not officially made a defendant in the instant action. *See, e.g.*, *Griffin v. Walmart, Inc.*, No. 3:18-CV-0430-B, 2018 WL 2389750, at *4 (N.D. Tex. May 25, 2018) ("[U]nder § 1441(a) and *De Jongh*, the analysis stops when a court has determined the removing party is not a defendant; if it is not, it cannot remove even if its citizenship is not being used to manufacture diversity jurisdiction."). Other courts have chosen to apply these holdings only when the removal action attempts to manufacture subject matter jurisdiction by substituting a diverse party for a non-diverse one. *See Richard v. USAA Cas. Ins. Co.*, No. CV 17-00175-BAJ-EWD, 2017 WL 8944429, at *2 (M.D. La. Nov. 30, 2017) ("Despite the broad language, *De Jongh* addresses the specific circumstance of a court unilaterally allowing the substitution of a diverse defendant in place of a non-diverse one."); *Varrecchio v. Moberly*, No. CV 17-670-BAJ-EWD,

2017 WL 4274437, at *1 (M.D. La. Sept. 26, 2017); *Byrd v. Norman*, No. CV 16-563-JWD-EWD, 2017 WL 1505122, at *3 (M.D. La. Apr. 10, 2017), report and recommendation adopted, No. CV 16-563-JWD-EWD, 2017 WL 1528742 (M.D. La. Apr. 25, 2017) ("Although the language of *De Jongh* appears broad, the situation addressed in *De Jongh* involved the manufacturing of federal subject matter jurisdiction via substitution of a non-diverse defendant."); *Lefort v. Entergy Corp.*, No. CIV.A. 15-1245, 2015 WL 4937906, at *3 (E.D. La. Aug. 18, 2015) (denying a motion in remand where plaintiff made a "simple misnaming mistake" because "impos[ing] such an illogical reading on what it construes as a procedural defect . . . would . . . immediately call into doubt the jurisdictional bases in an untold number of cases where a minor mistake has been made in naming but both parties are otherwise in concert about the intended party and their involvement in the proceedings.").

Like in *Salazar* and *De Jongh*, the basis of federal jurisdiction in the instant case is diversity jurisdiction under 28 U.S.C. § 1332. However, in those cases, the removal action involved a diverse third-party that sought to substitute itself for a non-diverse defendant in order to create the complete diversity necessary for the federal court's exercise of jurisdiction. Here, in contrast, federal subject matter is not dependent upon the substitution of United States Fire Insurance Company for named Defendants United Fire & Indemnity Company and/or United Fire & Casualty Company. In the notice of removal, Defendants explain, and Plaintiff has not contested, that Plaintiff is a citizen of Louisiana, Defendant Thomas is a citizen of Arizona, and Defendant Decker is an Iowa corporation with its principal place of business in Iowa. R. Doc. 1 at 3. Further, the notice of removal explains that United States Fire Insurance Company, the allegedly real party in interest, is a Delaware corporation with its principal place of business in New Jersey. R. Doc. 1 at 3. In an abundance of caution, the notice further notes that the allegedly improperly

designated defendants, United Fire & Indemnity Company and United Fire & Casualty Company, are Iowa corporations with their principal places of business in Iowa. R. Doc. 1 at 3, n. 1. Accordingly, complete diversity exists with respect to the parties named in Plaintiff's petition and removal based on diversity jurisdiction would have been appropriate even without the substitution of United States Fire Insurance Company for United Fire & Indemnity Company and United Fire & Casualty Company. Accordingly, this Court heeds *Salazar*'s instruction that a district court may not "*create* removal jurisdiction based on diversity by substituting parties," but finds the warning inapplicable here. *See* 455 F. 3d at 573 (emphasis added). Because the originally named parties were completely diverse, allowing a diverse party alleging its status as the real party in interest to join the notice of removal is not an attempt to create removal jurisdiction where none previously existed.

Furthermore, in the instant case, Plaintiff clearly sought to sue Defendant Decker's insurer.[1] Nothing in the petition or Plaintiff's motion to remand suggests that it intended to sue a party that has no relationship to this case. In the notice of removal and answer, Defendants have sought to make Plaintiff aware of his mistake regarding the identity of the insurer and involve the actual insurer in the litigation. Although Plaintiff does not stipulate that United States Fire Insurance Company is the insurer of Decker and James Thomas, he acknowledges that this fact "may eventually be discovered." R. Doc. 8-1 at 3. Moreover, Plaintiff has not challenged the fact that United States Fire Insurance Company is the actual insurer in this case.[2] Because Plaintiff

---

[1] Plaintiff's state court petition explicitly states, "United Fire & Indemnity Company and/or United Fire & Casualty Company issued a policy of insurance covering Decker Truck Line, Inc. and James Thomas therefore, said insurance company is a proper party defendant to this cause of action." R. Doc. 1-4 at 2.

[2] At oral argument, the Court ordered United States Fire Insurance Company to file, within thirty days, a copy of the insurance policy between United States Fire Insurance Company and Decker. In compliance with this order, United States Fire Insurance Company filed a copy of the "Excess Indemnity Contract" on November 26, 2019. R. Doc. 16. The contract indicates that between March 1, 2018 and March 1, 2019, United States Fire Insurance Company provided an insurance policy to Decker. R. Doc. 16-1 at 2. Accordingly, the Court finds that United States Fire Insurance Company is the proper defendant in this matter.

7

intended to sue Defendants Decker and Thomas's insurer, and the actual insurer, United States Fire Insurance Company, has asserted itself in this action intending to litigate the matter, the Court construes the naming of United Fire & Indemnity Company and/or United Fire & Casualty Company as a simple mistake in identifying the proper defendant insurer. Accordingly, the fact that United States Fire Insurance Company joined the notice of removal is a simple procedural mistake that does not require remand. Any other conclusion would illogically require the parties to jump through unnecessary procedural hoops, generate significant expenses associated with discovery, and delay the timely resolution of the dispute.

## IV. CONCLUSION

Considering the foregoing,

**IT IS ORDERED** that Plaintiff's motion to remand, R. Doc. 8, is **DENIED**.

**IT IS FURTHER ORDERED** that within ten days, Plaintiff either move for an entry of default against United Fire & Indemnity Company and United Fire & Casualty Company or dismiss them as improperly named.

New Orleans, Louisiana this 6th day of December, 2019.

                                              Eldon E. Fallon
                                     United States District Judge